| | |
|---|---|
| 1 | James F. Basile (SBN 228965) |
|   | james.basile@kirkland.com |
| 2 | Elizabeth L. Deeley (SBN 230798) |
|   | elizabeth.deeley@kirkland.com |
| 3 | KIRKLAND & ELLIS LLP |
|   | 555 California Street |
| 4 | San Francisco, California 94104 |
|   | Telephone: (415) 439-1400 |
| 5 | Facsimile: (415) 439-1500 |
| 6 | Attorneys for Defendants |
|   | FACEBOOK, INC., MARK ZUCKERBERG, DAVID E. |
| 7 | EBERSMAN, DAVID M. SPILLANE, MARC L. |
|   | ANDREESSEN, ERSKINE B. BOWLES, JAMES W. |
| 8 | BREYER, DONALD E. GRAHAM, REED HASTINGS |
|   | and PETER A. THIEL |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| EDWARD J. SHIERRY, Individually and On Behalf of All Others Similarly Situated, | CASE NO. 12-CV-3200-RS |
| Plaintiff, | **CLASS ACTION** |
| v. | MOTION FOR STAY OF PROCEEDINGS PENDING DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION |
| FACEBOOK, INC., MARK ZUCKERBERG, DAVID E. EBERSMAN, DAVID M. SPILLANE, MARC L. ANDREESSEN, ERSKINE B. BOWLES, JAMES W. BREYER, DONALD E. GRAHAM, REED HASTINGS, PETER A. THIEL, MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., BARCLAYS CAPITAL INC., ALLEN & COMPANY LLC, CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES INC., RBC CAPITAL MARKETS, LLC, BLAYLOCK ROBERT VAN LLC, BMO CAPITAL MARKETS CORP., C.L. KING & ASSOCIATES, INC., CABRERA CAPITAL MARKETS, LLC, CASTLEOAK SECURITIES, L.P., COWEN AND COMPANY, LLC., E*TRADE SECURITIES, LLC, ITAU BBA USA SECURITIES, INC., LAZARD CAPITAL MARKETS LLC, LEBENTHAL & CO., LLC, LOOP CAPITAL MARKETS LLC, M.R. BEAL & COMPANY, MACQUARIE CAPITAL (USA) INC., MURIEL SIEBERT & CO., INC., OPPENHEIMER & CO. INC., PACIFIC CREST SECURITIES LLC, PIPER JAFFRAY & CO., RAYMOND JAMES & ASSOCIATES, INC., SAMUEL A. RAMIREZ & COMPANY, INC., | Judge: Richard Seeborg<br>Date: July 26, 2012<br>Time: 1:30 p.m.<br>Location: San Francisco Courthouse<br>Courtroom 3, 17th Floor<br>450 Golden Gate Avenue,<br>San Francisco, CA 94102 |

| | |
|---|---|
| 1<br>2<br>3<br>4 | STIFEL, NICOLAUS & COMPANY, INCORPORATED, THE WILLIAMS CAPITAL GROUP, L.P., and WILLIAM BLAIR & COMPANY, L.L.C.,<br><br>Defendants. |

5  TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

6  PLEASE TAKE NOTICE that on July 26, 2012, at 1:30 p.m., or as soon as the matter can be

7  heard, in Courtroom 3 in the United States District Court for the Northern District of California,

8  located at 450 Golden Gate Avenue, San Francisco, CA 94102 defendants Facebook, Inc., Mark

9  Zuckerberg, David A. Ebersman, David M. Spillane, Marc L. Andreessen, Erskine B. Bowles, James

10 W. Breyer, Donald E. Graham, Reed Hastings, Peter A. Thiel, and underwriter defendants Morgan

11 Stanley & Co. LLC and Goldman, Sachs & Co. (lead underwriters authorized to take positions for

12 the entire syndicate) (collectively, "Defendants") will move the Court to enter a stay pending a final

13 determination by the Judicial Panel on Multidistrict Litigation ("MDL Panel") regarding whether

14 this action and 39 other actions related to Facebook's IPO should be transferred to and coordinated

15 in the U.S. District Court for the Southern District of New York pursuant to 28 U.S.C. § 1407.

16  **BACKGROUND**

17  This case is one of numerous civil actions filed in various federal and state courts arising out

18 of Facebook, Inc.'s May 18, 2012 initial public offering ("IPO") on the NASDAQ stock exchange.

19 Since May 23, 2012, various plaintiffs have filed actions in multiple jurisdictions across the country

20 that name as defendants, in various combinations, Facebook, certain officers and directors of

21 Facebook, the underwriters of Facebook's IPO, and NASDAQ. At least 25 cases related to

22 Facebook's IPO have been filed in the U.S. District Court for the Southern District of New York, 16

23 of which are putative class actions raising claims under the Securities Act of 1933 ("Securities Act"),

24 including the first securities class action filed in federal court, *Brian Roffe Profit Sharing Plan v.*

25 *Facebook*, Case No. 12-cv-4081 (filed May 23, 2012, 8:32 A.M. EST). Also pending in the

26 Southern District of New York are one shareholder derivative action, *Childs v. Zuckerberg*, Case No.

27 12-cv-04156 (filed May 24, 2012, 4:00 P.M. EST), seven actions against NASDAQ, and two actions

28 asserting claims against certain of the underwriters under the Securities Exchange Act of 1934. In

MOTION FOR STAY OF PROCEEDINGS    1    12-CV-3200-RS

addition, four putative federal securities class actions related to Facebook's IPO were filed in the U.S. District Court for the Northern District of California; these four cases have been deemed related and are pending before the Honorable Maxine M. Chesney. The above-captioned case is one of nine putative securities class actions related to Facebook's IPO that assert exclusively federal claims under the Securities Act that have been removed to this Court from the San Mateo County Superior Court. Facebook is filing a motion to relate these nine cases with the four cases originally filed here. All parties agree the cases are related. Defendants therefore expect that these cases will be deemed related and that the stay motions Defendants are filing in each of the nine removed cases will be heard by Judge Chesney. Defendants are filing now, before resolution of the motion to relate the cases, so that the issue is raised promptly.

In light of the multiplicity of actions with common factual and legal issues pending in federal court, including numerous overlapping and duplicative purported class actions, Defendants have filed with the MDL Panel a Motion to Transfer Actions to the Southern District of New York Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Proceedings (the "MDL Motion"). (*See* Exhibit A.) Defendants are also filing an Amendment to Motion to Transfer, requesting that the nine removed actions also be transferred to the Southern District of New York for coordinated or consolidated proceedings. Responses to the MDL Motion are due on or before July 9, 2012. *See* MDL Docket No. 2389, Dkt. Entry No. 4 (order setting briefing schedule). Although the motion has not been formally calendared, the MDL Panel is expected to conduct a hearing on September 20, 2012 at the federal courthouse in Manhattan (*see* Judicial Panel on Multidistrict Litigation: Hearing Information, http://www.jpml.uscourts.gov/hearing-information), and the MDL Motion is expected to be heard at that time.

Recognizing the manifest inefficiencies presented by the numerous duplicative actions pending in courts across the country, the plaintiffs in the securities actions filed originally in federal court have thus far all agreed to extend defendants' responsive deadlines, pending appointment of lead plaintiff and lead counsel and the filing of a consolidated amended complaint (or notice that there will be no amendment). These steps are unlikely to occur until after the MDL Panel issues its transfer decision. Plaintiffs in the nine removed actions have stipulated to extending defendants'

responsive deadlines until after this Court's resolution of a motion to remand that plaintiffs intend to file. But plaintiffs objected to a stay of all pretrial proceedings, including briefing and resolution of any remand motion, until after the MDL Panel issues its transfer decision.

## ARGUMENT

This case (as well as the other eight that were removed from the San Mateo County Superior Court) should be stayed to allow the MDL Panel to determine whether to transfer these cases to the Southern District of New York. A stay will prevent needless waste of time and resources for the parties and the Court. If the MDL Panel decides not to transfer these cases to the Southern District of New York, plaintiffs will suffer no significant prejudice as a result of the temporary stay requested here. The MDL Panel is expected to consider the MDL Motion in September.

### A.    Courts Routinely Stay Cases Pending MDL Panel Rulings.

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Under the circumstances here, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997). Among other things, the stay sought here serves the very "purpose of such [MDL] transfers . . . to further judicial economy and to eliminate the potential for conflicting pretrial rulings." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998).

Numerous federal courts have recognized that efficiency and uniformity support the stay of an action pending an MDL Panel's determination whether to transfer cases to another district. *See, e.g., Barnes v. Equinox Group, Inc.*, No. C 10-03586, 2010 WL 5479624, at *1-3 (N.D. Cal. Dec. 30, 2010) (granting stay pending MDL Panel's determination concerning consolidation and transfer); *Fuller v. Amerigas Propane, Inc.*, Nos. C 09-2493, 09-2616, 2009 WL 2390358, at *1-2 (N.D. Cal Aug. 3, 2009) (same); *Cajun Offshore Charters, LLC v. BP Prods. N.A., Inc.*, No. 10-1341, 2010 WL 2160292, at *1-2 (E.D. La. May 25, 2010) (same); *Rivers*, 980 F. Supp at 1360-62 (same). Indeed, even where a motion to remand a case is pending, "[t]he general rule is for federal courts to

defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL panel." *Valentine v. Merck & Co.*, No. 06-cv-2154, 2006 U.S. Dist. LEXIS 86441, at *2 (S.D. Cal. Oct. 23, 2006). "There is simply no reason for this Court to expend its time and energy on these cases until the pending motion before the MDL Panel is resolved . . . ." *Fuller*, 2009 WL 2390358, at *2.

**B.  A Stay of This Case Would Conserve Judicial Resources, Prevent Hardship To Defendants, And Result In No Prejudice To Plaintiffs.**

When considering a motion to stay, courts consider three factors: (1) the conservation of judicial resources; (2) the hardship and inequity to the moving party if the stay is not granted; and (3) the potential prejudice to plaintiffs. *See Rivers*, 980 F. Supp. at 1360. These same factors apply equally to stay motions in removed cases, even when a plaintiff wishes to proceed first with a motion to remand. *See Freitas v. McKesson Corp.*, No. C 11-05967, 2012 WL 161211, at *2 & n.9 (N.D. Cal. Jan. 10, 2012) ("courts are *not* bound to preliminarily consider the merits of a remand motion before considering a motion to stay") (emphasis in original; citing cases). Notably, even if plaintiffs were to file a motion to remand, a stay is still warranted based on the three-factor test. All three factors weigh heavily in favor of staying these proceedings.

*First*, a stay will conserve judicial resources. The MDL Panel itself has recognized that it is proper first for the MDL Panel to decide whether to transfer a case, and, if transfer is ordered, then the "plaintiff can present its motion for remand to state court to the transferee judge." *In re Reserve Fund Sec. & Derivative Litig.*, 598 F. Supp. 2d 1370, 1371 (J.P.M.L. 2009). Defendants already have promptly requested that the MDL Panel centralize the cases related to Facebook's IPO in the Southern District of New York, which is the first federal forum where a securities action was filed, where most of the securities actions and other related Facebook IPO cases have been filed, and where the majority of the defendants (including NASDAQ and a very substantial number of the underwriters) are located. (*See* Exhibit A.) If this case is transferred to the Southern District of New York for coordinated or consolidated treatment, absent a stay, this Court "will have needlessly expended its energies familiarizing itself with the intricacies of a case" over which it ultimately will not preside. *Rivers*, 980 F. Supp. at 1360; *see also Louisiana Stadium & Exposition Dist. v.*

*Financial Guar. Ins. Co.*, No. 09-235, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009) (waste of judicial resources weighed heavily in favor of a stay where "the Court would have to spend time familiarizing itself with the intricacies of a case involving complex financial transactions that will ultimately be heard by another judge"); *U.S. Bank Nat'l Assoc. v. Royal Indemnity Co.*, No. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) ("If the MDL Motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted.").

Indeed, here, the case for a stay in the interest of judicial economy is even more pronounced because the MDL Panel has been asked to transfer this case to the Southern District of New York, where clear precedent supports removal. As noted in the Notice of Removal of this case, courts in the Southern District of New York and elsewhere have held that removal is proper on the independent ground that Section 22(a) deprives state courts of jurisdiction over "covered class actions" that raise Securities Act claims. *See Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009); *see also In re Fannie Mae 2008 Sec. Litig.*, No. 08 Civ. 7831, 2009 WL 4067266, at *2 (S.D.N.Y. Nov. 24, 2009); *Rovner v. Vonage Holdings Corp.*, No. 07-178, 2007 WL 446658, at *3-4 (D.N.J. Feb. 7, 2007) (citing cases). The Northern District of California has not squarely addressed that ground for removal, *i.e.*, whether Section 22(a) operates as a jurisdiction-stripping provision that would allow removal. *Cf. Young v. Pacific Biosciences of Cal., Inc.*, No. 11-cv-5668, 2012 WL 851509 (N.D. Cal. Mar. 13, 2012) (issue of whether state courts are of "competent jurisdiction" apparently not raised).[1] Any remand motion in this District will therefore undoubtedly raise complex legal questions that cannot be easily disposed of by this Court given the absence of clear precedent in this District. Remand here is thus an issue that should be addressed after the MDL Panel has addressed the MDL Motion to transfer. *See Public Employees' Ret. Sys. of Miss. v.*

---

[1] Note that the courts are divided on the separate question of whether Section 16(c) of the Securities Act allows removal of "covered class actions" raising Securities Act claims. *Compare, e.g., Rubin v. Pixelplus Co.*, No. 06 Civ. 2964, 2007 WL 778485, at *3-4 (E.D.N.Y. Mar. 13, 2007); *Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122, 1123-24 (C.D. Cal. 2003), *with, e.g., Young*, 2012 WL 851509, at *3-4; *West Virginia Laborers Trust Fund v. STEC Inc.*, No. SACV 11-01171, 2011 WL 6156945, at *4 (C.D. Cal. Oct. 7, 2011). As explained in the Notice of Removal, neither this Court nor an MDL Court would have to address the scope of Section 16(c), because Section 22(a)'s provision stripping state courts of jurisdiction is a threshold question that resolves the removal issue.

*Stanley*, 605 F. Supp. 2d 1073, 1074-75 (C.D. Cal. 2009) ("*MPERS*") (declining to address "difficult questions" of removal under the Securities Act and transferring case to the Southern District of New York); *Nielsen v. Merck & Co.*, No. C07–00076, 2007 WL 806510, at *2 (N.D. Cal. Mar. 15, 2007) (granting stay of proceedings pending transfer decision by JPML where remand motion was "factually and legally complex and cannot easily be disposed of by this Court").

Whether to transfer a case before resolving a remand motion is an issue that has already been squarely presented in the context of a removal under the Securities Act. *See MPERS*, 605 F. Supp. 2d at 1074-75. In *MPERS*, like here, plaintiffs filed Securities Act claims in California state court and defendants removed. *Id.* at 1074. Defendant sought to transfer to the Southern District of New York and plaintiffs sought to remand. *MPERS* held that transfer should be decided before the difficult legal question of removal of Securities Act claims, recognizing that "courts in the Southern District of New York take a different view of '33 Act removal than do courts in the Ninth Circuit." *Id.* at 1075. *MPERS* explained that:

> [N]o litigant has a right to have the interpretation of one federal court rather than that of another determine his case. This is because "[a]lthough federal courts sometimes arrive at different constructions of federal law, federal law . . . is supposed to be unitary."

*Id.* (citations and quotations omitted).

The only difference between *MPERS* and this case is that here it is the MDL Panel that will decide transfer under 28 U.S.C. § 1407, rather than the district court doing so under 28 U.S.C. §1404. The principle remains the same: transfer should be decided first and the question of removal under the Securities Act should be resolved in the transferee court. If plaintiffs oppose transfer of these removed cases to the Southern District of New York, they must make their arguments to the MDL Panel. Deferring ruling on remand is necessary to enable the MDL Panel to do its job – deciding which federal court is the most appropriate forum to conduct pretrial proceedings in these cases that raise common questions of fact and similar legal claims under the Securities Act.[2]

In addition, "any efforts on behalf of this Court concerning case management will most likely

---

[2] In these cases, there are no disputed facts or issues of state law that are pertinent to removal.

have to be replicated by the judge that is assigned to handle the consolidated litigation if the MDL Panel does not consolidate the [Facebook IPO] cases in this Court." *Rivers*, 980 F. Supp at 1361-62; *see also Barnes*, 2010 WL 5479624, at *2 ("[P]roceeding to the initial case management conference where this Court will set discovery, alternative dispute resolution, class certification, and dispositive motion deadlines, as well as a trial date, is not the most efficient use of judicial resources or the parties' time and money given the potential that those dates may ultimately be vacated and re-set by the transferee court if the MDL Panel grants the motion to transfer."). Numerous courts have entered a stay pending an MDL Panel's consolidation and transfer decision based on these considerations. *See, e.g., id.* at *2 (granting stay in order to avoid unnecessary waste of judicial resources); *Rivers*, 980 F. Supp. at 1362 (same); *Louisiana Stadium & Exposition Dist.*, 2009 WL 926982, at *1 (same); *U.S. Bank Nat'l Assoc.*, 2002 Wl 31114069, at *2 (same).

***Second***, it would be unduly burdensome for Defendants to proceed with pretrial matters in this case before the MDL Panel makes its transfer determination. This case is just one of at least 33 securities and derivative actions pending in federal district court relating to Facebook's IPO: 13 in this District Court, 19 in the Southern District of New York, and 1 in the Western District of Missouri. These actions are all the subject of the pending MDL Motion and Amendment to Motion to Transfer. They have been brought against the same collection of defendants; they are based on the same factual allegations. "The defendants would be enormously burdened if they were forced to submit answers, answers to interrogatories, to produce documents, and to reply to class certification *and other motions* separately on all [of these] actions." *Rosenfeld v. Hartford Fire Ins. Co.*, No. 88 CIV. 2153 (MJL), 1988 WL 49065, at *1 (S.D.N.Y. May 12, 1988) (emphasis added). The stay requested would alleviate the risk that Defendants will be subjected to duplicative motion practice or possibly discovery or potentially conflicting or inconsistent rulings on pretrial matters. This factor, too, counsels in favor of granting a stay. *See, e.g., id.*; *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, Civ A. Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992).

In addition, a stay is warranted here because the removed plaintiffs already have sought "to determine lead plaintiff and to approve the selection of lead counsel" – a process that is "premature and would waste time, energy, and judicial resources" while the MDL Motion to transfer is pending.

*Sevel v. AOL Time Warner, Inc.*, 232 F. Supp. 2d 615, 616-18 (E.D. Va. 2002) (granting motion to stay proceedings concerning choice of "lead plaintiff" and lead counsel in order "to avoid confusion and duplication of effort"); *see also* 15 U.S.C. § 77z-1(a)(3)(B)(ii) ("If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [as to lead plaintiff] until after the decision on the motion to consolidate is rendered."). Before the nine state court-filed securities actions were removed, the plaintiffs in these cases obtained *ex parte* orders from the state court that appoint lead plaintiffs, select lead counsel, and consolidate the nine cases for state court purposes. (*See* Exhibit B.) That same lead plaintiff process has already begun in federal court (through the requisite news-service notifications that begin the lead plaintiff process); any lead plaintiff proceedings in the nine removed actions will have to proceed in conjunction with the four cases originally filed in the Northern District, and then again in conjunction with the much larger number of cases filed across the country in federal court. It is entirely inefficient to allow that process to move forward before resolution of the MDL Motion to transfer. *See Nichols v. DePuy Orthopaedics, Inc.*, No. C 11-04748, 2011 WL 5335619, at *3 (N.D. Cal. Nov. 2, 2011) (recognizing in a case where a remand motion was pending that "denying a stay would potentially impose a significant burden on Defendant, insofar as it would be forced to engage in duplicative litigation").

*Finally*, the requested stay – no longer than necessary for the MDL Panel to rule on the pending MDL Motion – will not significantly prejudice plaintiffs here. Because the cases for which MDL treatment is sought were recently filed and the MDL Panel is expected to hear this matter in September, any delay arising from this stay will be brief and not cause any meaningful harm to plaintiffs. *See Barnes*, 2010 WL 5479624, at *3 ("Plaintiff has not shown that temporarily staying this action will result in the loss of evidence or otherwise jeopardize his (or the putative class') ability to litigate his claims"); *Cajun Offshore Charters*, 2010 WL 2160292, at *2 (finding that "the prejudice to the plaintiff caused by a delay of months is outweighed by the hardship to the defendants and the interests of judicial economy"). Both parties will benefit from allowing the MDL Panel to decide transfer first. *See Rosenfeld*, 1988 WL 49065, at *2 ("While [plaintiffs] may suffer

some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost."). Nor can plaintiffs identify any specific prejudice from deferring consideration of any remand motion — there will still be an opportunity for plaintiffs to challenge federal jurisdiction after the MDL Panel rules on transfer. *See Nielsen*, 2007 WL 806510, at *2 (finding no specific prejudice from deferral of resolution of remand question). "By imposing a stay in this case, the parties may focus on the issue of transfer, and depending on the outcome of that issue, tailor their motion to remand, either to this Court or the transferee court." *Valentine*, 2006 U.S. Dist. LEXIS 86441, at *3.

Plaintiffs will suffer no prejudice if the MDL Panel transfers the removed cases to the Southern District of New York and the remand issue is litigated there. Not one plaintiff named in the removed cases has identified himself as a resident of California. Indeed, of the ten named plaintiffs in the removed cases, public information indicates that six are not residents of California.[3] At least three (and perhaps as many as five) of the named plaintiffs have previously brought suits outside of California.[4] And, notably, Elbita Alfonso is a plaintiff in one of the removed cases (No. 12-CV-3198) *and* in an action pending in the Southern District of New York against NASDAQ (No. 12-CV-4201) – which is subject to the pending MDL Motion – alleging that trading-related errors affecting Facebook's stock created market uncertainty and caused investor losses. In both cases, the law firm of Gainey & McKenna represents the plaintiff. Indeed, almost all of the law firms representing plaintiffs in these actions have nationwide practices and all but one has served as counsel in New York-based class actions.[5]

//

---

[3] Elbita Alfonso, Karen Cuker, Brian Gralnick, Vernon R. DeMois Jr., Matthew Pilgram, and Michael Lieber are not residents of California.

[4] *See, e.g., Alfonso v. The Nasdaq Stock Market LLC*, No. 12-cv-04201 (S.D.N.Y.); *Lapin v. Goldman Sachs & Co*, No. 04-cv-2236 (S.D.N.Y); *Acosta v. City of Virginia Beach*, No. 97-cv-1121 (E.D. Va.; filed Jan, 20, 1998).

[5] *See, e.g., Kurzweil v. Philip Morris Co.*, No. 94-cv-2373, 94-cv-2546 (MBM) (S.D.N.Y.) (Wolf Haldenstein Adler Freeman & Herz LLP); *In re WorldCom Sec. Litig.*, No. 02-cv-3288-DLC (S.D.N.Y.) (Barrack Rodos & Bacine); *Lapin v. Goldman Sachs & Co*, No. 04-cv-2236 (S.D.N.Y.) (Glancy Binkow & Goldberg LLP); *In re Verified Identity Pass, Inc. Consumer Litig.*, No. 09-cv-05951 (S.D.N.Y.) (Initiative Legal Group APC); *DeMarco v. Robertson Stephens & Co.*, 03-cv-00590 (S.D.N.Y.)(Jack Zwick); *Sullivan v. The McGraw-Hill Cos.*, 09-cv-05450 (S.D.N.Y.) (Johnson & Weaver LLP).

# CONCLUSION

A stay of proceedings pending the MDL Panel's determination of consolidation and transfer would serve the interests of justice and judicial efficiency, prevent unnecessary hardship to Defendants and cause no prejudice to plaintiffs. For all of the foregoing reasons, Defendants' Motion should be granted and proceedings stayed until the MDL Panel decides the pending motion to transfer this case pursuant to 28 U.S.C. § 1407.

DATED: June 21, 2012

|  |  |
|---|---|
| Andrew B. Clubok (*pro hac vice* forthcoming)<br>Brant W. Bishop, P.C. (*pro hac vice* forthcoming)<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900 | James F. Basile<br>Elizabeth L. Deeley<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Richard D. Bernstein<br>Tariq Mundiya<br>Todd G. Cosenza<br>WILLKIE FARR & GALLAGHER LLP<br>787 Seventh Avenue<br>New York, N.Y. 10019-6099, U.S.A.<br>Telephone: (212) 728-8000<br>Facsimile: (212) 728-8111 |

*Counsel for Facebook, Inc., Mark Zuckerberg, David E. Ebersman, David M. Spillane, Marc L. Andreessen, Erskine B. Bowles, James W. Breyer, Donald E. Graham, Reed Hastings and Peter A. Thiel*

|  |  |
|---|---|
| James P. Rouhandeh<br>Charles S. Duggan<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4000<br>Facsimile: (212) 701-5800 | Neal A. Potischman<br>Samantha H. Knox<br>DAVIS POLK & WARDWELL LLP<br>1600 El Camino Real<br>Menlo Park, CA 94025<br>Telephone: (650) 752-2000<br>Facsimile: (650) 752-2111 |

*Attorneys for Defendants Morgan Stanley & Co. LLC, Goldman, Sachs & Co.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certify that all counsel of record who have consented to electronic service are being served with a copy of the attached **MOTION FOR STAY OF PROCEEDINGS PENDING DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** via the CM/ECF system on June 21, 2012.


DATED: June 21, 2012                                By: */s/ James Basile*_____
                                                                          James Basile